IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MELVIN HERBERT, # 17117-424,

        Petitioner,

  vs.                                            Case No. 16-cv-0696-DRH

T.G. WERLICH,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

      Petitioner, currently incarcerated in the Greenville Federal Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his enhanced sentence as a career offender following his guilty plea to conspiracy to possess a controlled substance. *United States v. Melvin Herbert*, No. 04-cr-0464-5 (N.D. Ill. 2006) ("criminal case"). The Petition was filed on June 24, 2016. (Doc. 1). Petitioner pleaded guilty to conspiracy to distribute illegal drugs, including cocaine, heroin, and marijuana. Petitioner was sentenced to 310 months' imprisonment as a Career Offender on October 26, 2006. (Doc. 1625, criminal case).

      Petitioner filed a timely notice of appeal to the Seventh Circuit on November 16, 2006. (Doc. 1635, criminal case). His sentence was affirmed by the Seventh Circuit on October 21, 2009. (Doc. 2108, criminal case). Petitioner then filed a motion pursuant to 28 U.S.C. § 2255 in the sentencing court raising ineffective

assistance of counsel, objecting to the leadership and firearm enhancements he received, and raising the sentencing disparity between cocaine and crack cocaine. *United States v. Melvin Herbert*, No. 10-cv-4514 (N.D. Ill.). That case was dismissed on November 4, 2010. Petitioner alleges that he sought leave to file a second or successive petition and was denied by the Seventh Circuit. (Doc. 1, p. 2).

Petitioner now brings this habeas corpus action pursuant to 28 U.S.C. § 2241 and argues the Career Offender Enhancement he received pursuant to § 4B1.1 was unconstitutionally vague pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (U.S. 2015) and *Welch v. United States*, 136 S.Ct. 1257 (U.S. 2016).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

### The Petition

Petitioner asks that the Court vacate his sentence. (Doc. 1, p. 12). Petitioner asserts that the Career Offender enhancement in the United States Sentencing Guidelines § 4B1.1 is identical to the residual clause that *Johnson*

found unconstitutionally vague and that therefore his sentence should be vacated. Petitioner argues that his conviction for attempted residential burglary (Case No. 86-cr-0842502) was not a crime of violence, and all he did was knock on a door to see if someone was home. He further argues that his conviction for burglary (Case No. 85-1599) was supported by spotty evidence, specifically a lone fingerprint. Finally, he argues that his conviction for manufacture and delivery of a controlled substance (Case No. 89-cr-263590) was not truly a serious drug offense under § 4B1.1. Petitioner argues that *Johnson* and *Welch* created a "vagueness test" that should be applied to the Federal Sentencing Guidelines, and that if that test were applied, his underlying convictions would be too vague to support the enhancement.

## **Discussion**

Ordinarily, a prisoner may challenge his federal conviction or sentence only by means of a § 2255 motion brought before the sentencing court, and this remedy typically supersedes the writ of habeas corpus. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). A writ of habeas corpus under § 2255 requires the petitioner to file his challenge in the district that imposed the criminal sentence on him. See 28 U.S.C. § 2255(a). In this case, Petitioner is clearly attacking his sentence. However, he has alleged that he has already filed a motion pursuant to § 2255. Further, Petitioner sought permission to file a second or successive § 2255 motion, but his request was denied by the Seventh Circuit.

The "savings clause" under § 2255(e) allows a federal prisoner to file a petition under § 2241, if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e).  In considering what it means to be "inadequate or ineffective," the Seventh Circuit has held that a federal prisoner should be permitted to seek relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).  To proceed, three additional conditions must also be met: (1) the change of law has to have been made retroactive by the Supreme Court; (2) it must be a change that eludes the permission in § 2255 for successive motions; and (3) "change in law" is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated." *Id.* at 611-12.

In his attempt to trigger application of the savings clause, Petitioner relies on two decisions of the United States Supreme Court that have no relevance to his case.  *See Johnson v. United States*, 135 S. Ct. 2551 (U.S. 2015); *Welch v. United States*, 136 S. Ct. 1257 (U.S. 2016).  Both *Johnson* and *Welch* address the "residual clause" of the Armed Career Criminal Act ("the Act"), 18 U.S.C. § 924(e).  Federal law prohibits a felon from possessing a firearm. 18 U.S.C. § 922(g).  A person who violates this law can be sentenced to prison for up to ten years.  18 U.S.C. § 924(a)(2).  The Act increases this punishment to a minimum

sentence of fifteen years and a maximum sentence of life in prison for a person in possession of a firearm who has three or more prior convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1).

The Act defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year…that –
> (i) has, as an element, the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The underlined portion of subsection (ii), i.e., "or otherwise involves conduct that presents a serious potential risk of physical injury to another," is referred to as the "residual clause." The other portions are referred to as the "elements clause" (18 U.S.C. § 924(e)(2)(B)(i)) and the "enumerated clause" (i.e., the portion listing burglary, arson, extortion, and offenses that involve the use of explosives).

In *Johnson*, the Supreme Court struck down the "residual clause" as being unconstitutionally vague and held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." In *Welch*, the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. *See also Price v. United States*, 795 F.3d 731 (7th Cir. 2015). But Petitioner was not sentenced under the Act. He was sentenced under the career offender guideline, i.e., U.S.S.G. § 4B1.2(a)(1). Under the Guidelines, a defendant qualifies as a career offender if the defendant

was at least 18 years old at the time of the instant offense, the instant offense is either a crime of violence or a controlled substance offense, and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. See U.S.C.G. § 4B1.1(a).

A "crime of violence" is defined in the guideline as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

U.S.S.G.§ 4B1.2(a) (emphasis added).

Like the Act, the career offender guidelines contain an elements clause (§ 4B1.2(a)(1)), an enumerated clause (§ 4B1.2(a)(2)) (listing burglary of a dwelling, arson, extortion, or involves the use of explosives), and a residual clause (underlined portion). Petitioner was sentenced in part under the "enumerated clause." However, *Johnson* and *Welch* do not address the Guidelines or, more specifically, the "enumerated clause."

Here, Petitioner's enhancement clearly did not fall under the residual clause of the Career Offender Guidelines. Petitioner concedes that he has a felony conviction for possession of a controlled substance under Illinois law, and that he received a 5 year sentence for that conviction. (Doc. 1, p. 6). While he argues that the conviction is not a "serious drug offense," and should not be available for the

enhancement, the Sentencing Guidelines do not contain that term. Rather the Guidelines define "controlled substance offense" as:

> An offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute or dispense.

§ 4B1.2(b)

Petitioner's possession conviction does not fall under the residual clause at all because the Guidelines explicitly define "controlled substance offense" elsewhere. Petitioner's larger argument is that the residual clause in the guidelines fails because it has the same language as the clause found invalid in *Johnson*, but that clause is clearly not applicable to his possession conviction.

In contrast, Petitioner's burglary charges do require examination of the "crime of violence" language in the sentencing guidelines, but the burglary charges explicitly fall under the enumerated clause, not the residual clause. Again, the residual clause, which contains the allegedly problematic language, is not implicated here because Petitioner's convictions were not considered under it.

Petitioner's reliance on *Johnson* and *Welch* is misplaced. As the Seventh Circuit emphasized, "*Johnson* [does not] reopen[] all questions about the proper classification of prior convictions under the Guidelines. . . . [T]he sole holding of *Johnson* is that the residual clause is invalid. *Johnson* does not affect the first portion of clause (ii)(burglary, arson, extortion or use of explosives") and does not

have anything to do with the proper classification of drug offenses. . ." *Stanley v. United States of America*, --F.3d--, No. 15-3728, 2016 WL 3514185 at *1 (7th Cir. June 1, 2016). Because Petitioner was not sentenced under the residual clause, the "savings clause" under § 2255 (e) is not triggered by his § 2241 petition. Accordingly, the Petition shall be **DISMISSED** with prejudice.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); Sloan v. Lesza, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly

**IT IS SO ORDERED.**

Signed this 28th day of July, 2016.

Digitally signed by
Judge David R. Herndon
Date: 2016.07.28
20:06:18 -05'00'

**United States District Judge**